**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MITCHELL ADAIR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| **ASSOCIATED COURIERS, LLC** and | ) | |
| **MATTHEW SILVERBERG**, *individually*, | ) | |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT FOR INTERFERENCE AND RETALIATION UNDER**
**THE FAMILY AND MEDICAL LEAVE ACT**

Plaintiff Mitchell Adair ("Mr. Adair" or "Plaintiff"), by and through undersigned counsel, for his Complaint against Defendants Associated Couriers, LLC ("Associated"), and Matthew Silverberg ("Mr. Silverberg") (collectively "Defendants") states and alleges as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., to redress Defendant's unlawful interference with, and retaliation against, the exercise of federally protected leave rights.

2. Plaintiff seeks declaratory and injunctive relief, lost wages, liquidated damages, attorney's fees, and costs.

## PARTIES

3. Plaintiff Mitchell Adair, at all times relevant hereto, is a resident of Southaven, DeSoto County, Mississippi.

4. Defendant Associated Couriers, LLC is a Missouri-based for-profit corporation with its principal place of business in Missouri, engaged in the transportation of medical equipment

1

and specimens; it may be reached for service through its registered agent Matthew Silverberg, 2684 Metro Boulevard, Maryland Heights, Missouri 63043.

5. Upon information and belief, Defendant Matthew Silverberg is CEO of Associated Couriers, LLC and is an adult resident of Maryland Heights, St. Louis County, Missouri.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

7. Defendant Associated Couriers, LLC transacts substantial business in the state of Missouri, employs citizens of the state of Missouri, and is registered and subject to service of process in Missouri; therefore, this Court has personal jurisdiction over Associated Couriers.

8. Defendant Matthew Silverberg is a resident of Missouri and this Court, therefore, has personal jurisdiction over him.

9. Venue is proper in this district under 28 U.S.C. § 1391 because Plaintiff worked for Defendant in this district and the unlawful employment practices occurred here.

## FACTUAL BACKGROUND

10. Defendant Associated Couriers, LLC is a St. Louis-based company specializing in the transportation of medical equipment and specimens.

11. Upon information and belief, Matt Silverberg is the Chief Executive Officer of Associated Couriers, LLC.

12. Upon information and belief, Matt Silverberg exercises operational control over the company's payroll and leave policies and supervision of operations staff, including Plaintiff.

13. Plaintiff began working for Defendant in 2023 as a delivery driver.

14. In or about May 2024, Plaintiff was promoted to Lead Driver, and in November 2024 he was promoted again to the salaried position of Regional Operations Manager, earning approximately $65,000 per year.

15. Plaintiff's duties included scheduling and communicating with drivers to ensure timely deliveries; monitoring and tracking driver deliveries and service failures daily; and overseeing organizational processes and operations to ensure productivity and quality across his assigned territory.

16. Plaintiff worked well in excess of 1,250 hours during the twelve months preceding July 31, 2025.

17. Plaintiff had never received a performance review or disciplinary write-up prior to August 3, 2025.

18. On July 31, 2025, Plaintiff emailed Defendant's Human Resources department to request six weeks of FMLA leave for a serious medical condition requiring surgery and recuperation.

19. HR responded that, "based upon the information available, you may be eligible for leave under the FMLA," and sent Plaintiff a medical certification form to be completed by his physician; Plaintiff promptly provided the form to his physician.

20. On August 3, 2025—three days after his FMLA request—Plaintiff received his first-ever disciplinary write-up, alleging that he had failed to communicate a truck route change on July 31, 2025.

21. Following this warning, Plaintiff took special care to communicate to management any judgment calls he made regarding truck routes.

22. On August 5, 2025, Plaintiff returned the completed medical certification to HR, fully supporting his need for FMLA leave.

23. On August 6, 2025, just six days after his initial request and the day after returning the certification, Defendant terminated Plaintiff. The stated reason was "performance," without further explanation.

24. Prior to his FMLA request, Plaintiff was meeting the legitimate expectations of his position and had no disciplinary history.

25. Defendant's proffered explanation for termination is pretextual; the real motivation was Plaintiff's request for, and steps toward obtaining, FMLA leave.

## COUNT I – FMLA INTERFERENCE

26. Plaintiff realleges and incorporates paragraphs 1–25 as if fully set forth herein.

27. Plaintiff was entitled to exercise rights under the FMLA, including the right to request medical leave and to be restored to his position upon return.

28. Defendant interfered with Plaintiff's rights under the FMLA by initiating the certification process, then terminating him before his leave could begin.

29.  Defendant's actions violated 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220(b).

## COUNT II – FMLA RETALIATION

30. Plaintiff realleges and incorporates paragraphs 1–29 as if fully set forth herein.

31. Plaintiff engaged in protected activity under the FMLA by requesting medical leave and providing certification paperwork.

32. Defendant retaliated against Plaintiff for attempting to exercise his rights by disciplining and then terminating him days after his request.

33. Defendant's conduct violated 29 U.S.C. § 2615(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

A.  A declaration that Defendant violated Plaintiff's rights under the FMLA;

B. Front pay, back pay, lost benefits, and other compensatory damages;

D. Liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Attorney's fees and costs; and

F. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES LAW FIRM, LLC
1951 Mignon Avenue
Memphis, TN 38107
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

s/*Edward J. Rolwes*
Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES LAW FIRM, LLC
2333 South Hanley Road, S. 104
St. Louis, MO  63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*

## <u>DECLARATION AND VERIFICATION</u>

I, Mitchell Adair, verify and declare that the facts stated in the foregoing Verified

Complaint for violation of the Family and Medical Leave Act are true to the best of my

knowledge and belief, and that the Complaint is not made out of levity or by collusion with

Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

Mitchell Adair (Sep 2, 2025 08:51:05 CDT)

Mitchell Adair

09/02/25

Date

6